NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

WHELAND COMPANY, and Local No.
176, Allied Industrial Workers of Amer-
ica, AFL–CIO, Respondent.

No. 13792.

United States Court of Appeals
Sixth Circuit.

Oct. 29, 1959.

Hans J. Lehmann, Washington, D. C., Jerome D. Fenton, Thomas J. McDermott, Marcel Mallet-Prevost and Arnold Ordman, Washington, D. C., on the brief, for petitioner N. L. R. B.

Frank A. Constangy, Atlanta, Ga., Constangy & Prowell, Atlanta, Ga., Witt, Gaither, Abernathy, Caldwell & Wilson, Chattanooga, Tenn., on the brief, for respondent.

Hugh Hafer, Milwaukee, Wis., David Previant, Milwaukee, Wis., of counsel, David Leo Uelmen, Goldberg, Previant & Cooper, Milwaukee, Wis., on the brief, for intervenor.

Before MARTIN, MILLER and WEICK, Circuit Judges.

PER CURIAM.

The National Labor Relations Board seeks enforcement of its order of May 7, 1958.

Prior to the events herein involved, the respondent operated at two locations in Chattanooga, Tennessee. At one location it operated a Manufacturing Division. The majority of the employees in the Manufacturing Division were represented by the International Association of Machinists, AFL-CIO, herein called IAM, and a residual unit was represented by United Steelworkers of America, AFL-CIO, herein called Steelworkers. At the other location, Signal Mountain Road, it operated an Ordnance Division. The employees in the Ordnance Division, approximately 213 in number, were represented by Local 176, Allied Industrial Workers of America, AFL-CIO, herein referred to as Allied.

On August 31, 1956, respondent decided, on account of existing business conditions, to abolish the Ordnance and Manufacturing Divisions and consolidate their operations in a new Wheland Products Division to be located at the Signal Mountain Road plant. Shortly thereafter, the unions and the employees were so advised. At a meeting held on September 5, respondent stated to representatives of IAM and the Steelworkers that it would seek a Board election as a means of determining the representative of the new unit.

At a bargaining meeting held on September 10, respondent advised Allied that it could not negotiate with Allied as the representative of the employees in the Wheland Products Division, because those employees had not yet selected a bargaining representative. Respondent also rejected Allied's demand that it be recognized on the ground that the new division was merely the result of an accretion to the ordnance plant in which it already represented the employees.

On September 13, Allied submitted to respondent 206 newly signed authorization cards of employees who were formerly employed in the Ordnance Division. This was a majority of the 335 employees in the new Wheland Products Division. No cards were either solicited or received from employees who came or were to come from the Manufacturing Division. The validity of the cards was carefully checked by respondent and no contention is made in this proceeding that they were not valid authorizations by the 206 employees who signed them. On the basis of these signed cards, respondent recognized Allied as exclusive representative of the Wheland Products Division employees, and on September 18, entered into an interim working agreement with Allied.

On September 28, IAM filed a petition with the Board asking for an election in a unit comprising all the employees in the new division.

The formal contract between the parties was executed on January 3, 1957. Prior to the execution of this contract, respondent agreed orally with Allied to establish a new seniority roster for all the employees of the new division, the

validity of which is one of the issues herein involved.

Upon charges filed by the Steelworkers, a complaint was issued against respondent on January 9, 1957, alleging that respondent had engaged in unfair labor practices within the meaning of Sec. 8(a) (1) and (2) of the National Labor Relations Act, 29 U.S.C.A. § 158 (a) (1, 2). The Board, with the chairman and another member dissenting, so held. The Board, with the chairman dissenting, also held that the new seniority roster between respondent and Allied granted preferential seniority rights to former Ordnance Division employees over the former Manufacturing Division employees. On May 7, 1958, it issued its order which directed the respondent, The Wheland Company, to cease and desist from recognizing Allied as the exclusive representative of the employees of the respondent in its Wheland Products Division unless and until said organization shall have been duly certified by the Board as the representative of such employees, and from giving effect to any agreement with said union granting preferential seniority rights to former Ordnance Division employees.

■ It is well settled that the National Labor Relations Act imposes an obligation upon an employer to recognize and bargain in good faith with a labor organization upon its presentation of proof of its representation of the majority of the employees, unless the employer has a good faith doubt as to its majority status. "The statute does not provide that the bargaining process between employer and employee must be delayed until an election is ordered by the Board. The right to representation exists prior to the holding of an election and must be recognized whenever it is found that an organization represents a majority of the employees." N. L. R. B. v. Thompson Products, 6 Cir., 162 F.2d 287, 293; N. L. R. B. v. Armco Drainage & Metal Products, 6 Cir., 220 F.2d 573, 576–577.

■ We are of the opinion that under the facts of this case respondent was ob-ligated to recognize Allied and to bargain with it as the bargaining representative of the employees although it had not been so certified by the Board as the result of a representation election. It committed no unfair labor practice in doing what it was legally obligated to do.

We concur in the view of the two dissenting members of the Board that although initially the respondent stated that it would seek a Board election as a means of determining the representative of the new unit, it was under no obligation to use that method, absent a rival claim which would itself raise a real question concerning representation in the unit.

■ The consolidation of the Manufacturing and Ordnance Divisions into the new Wheland Products Division involved the question of seniority rights of the employees of the merging divisions. Seniority arises only out of contract or statute. An employee has no inherent right to seniority in service. Trailmobile Co. v. Whirls, 331 U.S. 40, note 21, at page 53, 67 S.Ct. 982, at page 988, 91 L.Ed. 1328. The resulting seniority roster was a matter of contract between the respondent and the union, in the negotiation of which the parties had the responsibility of weighing the relative advantages and disadvantages of differing proposals. "Inevitably differences arise in the manner and degree to which the terms of any negotiated agreement affect individual employees and classes of employees. * * * The complete satisfaction of all who are represented is hardly to be expected. A wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents, subject always to complete good faith and honesty of purpose in the exercise of its discretion." Ford Motor Co. v. Huffman, 345 U.S. 330, 338, 73 S.Ct. 681, 686, 97 L.Ed. 1048. As pointed out in that opinion, "Compromises on a temporary basis, with a view to long range advantages, are natural incidents of negotiation." The National Labor Relations Act does not compel a bargaining representative

to limit seniority clauses solely to the relative lengths of employment of the respective employees. Aeronautical Industrial District Lodge 727 v. Campbell, 337 U.S. 521, 528–529, 69 S.Ct. 1287, 93 L.Ed. 1513.

We believe it is unnecessary to discuss in detail the seniority roster agreed upon by the respondent and Allied, except to point out that they were necessarily confronted with problems, the solution of which would inevitably be unsatisfactory to some employees. We have considered the resulting seniority roster in the light of the fundamental requirements referred to above and are of the opinion that under all the circumstances of the case, it was not an invalid exercise of the power conferred upon the respective negotiating parties.

The petition to enforce the order of the Board is denied.